[S. F. No. 11622. In Bank.—June 17, 1925.]

CITY COUNCIL OF THE CITY OF SAN JOSE, Petitioner, v. CLARENCE B. GOODWIN, as City Manager, etc., Respondent.

[1] MUNICIPAL CORPORATIONS—PRIMARY ELECTION—SPECIAL ELECTION—GENERAL ELECTION.—Under the provisions of the charter of the City of San Jose, a first or primary election is not a special election; neither is it a general election, notwithstanding all the officers of the city may be elected at such first or primary election.

[2] ID.—INCREASED TAX RATE — INVALID ORDINANCE — SUBMISSION AT PRIMARY ELECTION.—As the organic law of the City of San Jose authorizes the city council to exceed the one-dollar tax rate only pursuant to an ordinance submitted and adopted at a general or special election, such an ordinance lacks the sanctity of the charter to give it validity if it is submitted at a first or primary election, notwithstanding it receives a sufficient vote.

(1) 28 Cyc., p. 1667, n. 61.    (2) 28 Cyc., p. 1667, n. 61.

PROCEEDING in Mandamus to compel a city manager to include in his estimate of revenue and expenditures an

amount based upon an increased tax rate. Peremptory writ denied.

The facts are stated in the opinion of the court.

Archer Bowden for Petitioner.

H. G. Hill and Bohnett, Hill & Campbell for Respondent.

SHENK, J.—This is an application on behalf of the City of San Jose for a writ of mandate to compel its city manager to include in his estimate of revenue and expenditures for the fiscal year commencing December 1, 1925, an amount based on a tax rate of $1.30.

At an election held on May 1, 1922, there was submitted to the electors of said city an ordinance providing that the maximum tax rate for the fiscal year commencing December 1, 1922, December 1, 1923, December 1, 1924, and December 1, 1925, should be fixed at $1.30. The proposed ordinance received a vote sufficient for its adoption if it was lawfully submitted at said election. The authority for the submission and adoption of such an ordinance is found in section 61 of the city charter, which provides: "The tax levy authorized by the council shall not exceed one dollar upon each one hundred dollars ($100.00) of the assessed valuation of all real and personal property within the city, exclusive of the amount necessary to pay the principal of and interest on the bonded indebtedness of the city, except by ordinance approved, or adopted by the affirmative vote of the majority of the people voting at a general or special election." (Stats. 1915, p. 1891.) The ordinance in question was submitted and voted on at a first or primary election especially provided for in the charter. It is conceded that such a primary election is not a special election as contemplated by said section 61. The sole question for determination is whether the first or primary election at which the ordinance was submitted was a general election within the meaning of said section 61.

The tax levied by the city council must be based on the estimated revenue and expenditures included within a budget submitted by the city manager and he has refused to submit such a budget based on a tax rate of $1.30. His contention is

that the said ordinance is invalid for the reason that it was not submitted to a vote of the people at a general or a special election as required by the charter. On behalf of the city it is contended that as the primary election under the charter is held at stated intervals, and that as all electors of the city were privileged to vote at said election on the question of the approval or rejection of said ordinance, the said primary election was to all intents and purposes a general election as contemplated by said section 61. An examination of other provisions of the charter must be resorted to in order to determine whether a primary election may be deemed a general election for the purpose of the submission of said ordinance.

Section 9 of article III of the charter provides that candidates to be voted for at general municipal elections shall be nominated as therein provided. "The first, or primary election shall be held on the first Monday in May," etc. Every person desiring to become a candidate for an elective office must at least thirty days prior to a primary election file with the city clerk a statement declaring, among other things, that he is a candidate for nomination to the designated office at the forthcoming primary election and requesting that his name be printed on the official primary ballot for nomination at such primary election. In section 10 the petition for nomination of candidates is required to refer to the primary election. In section 13 it is provided that a petition for nomination must be presented to the clerk within a designated time before the primary election. Sections 18 and 19 provide for printing of the official primary ballot. Section 20 provides generally for the conduct of the primary election and that under certain conditions a candidate may, upon receiving a required number of votes at such primary election, be declared elected. Section 21 is headed "General Election" and contains the following provisions: "If at any election held as above provided there be any office to which the required number of persons was not elected, then as to such office the said first or primary election shall be considered to have been a primary election for the nomination of candidates, and a general election on the second *Monday succeeding,* said first election shall be held to fill said office or offices. The candidates not elected at such first election equal in number to twice the number to be

elected to all such offices, who have received the highest number of votes for the respective offices at such first or primary election, shall be the only candidates at such general election; . . . The candidates equal in number to the number of persons to be elected, who shall receive the highest number of votes at such general election, shall be declared elected to such office.'' Section 22, under the heading ''Rules Governing General Election,'' provides that all provisions theretofore set forth as to the conduct of an election so far as applicable shall govern the general election. Section 24, relating to elections for short terms, provides, ''that on the ballots at the first or primary and general municipal elections, the candidates for such short term shall be listed as for a separate office.''

[1] It is apparent that under the several charter provisions above referred to the framers of the charter were at pains to distinguish between a primary and a general election. The terms are not interchangeable in any sense. Nor do we think that the fact that all of the officers of the city may be elected at the first or primary election would have the effect of converting such primary election into a general election, as contemplated by the charter. The city relies on the case of *Bigelow* v. *Board of Supervisors,* 18 Cal. App. 715 [124 Pac. 554], where it was held that the presidential primary election was not a general election at which a local option question might be submitted under the terms of the local option law. It may be assumed that the essential elements of a general election as defined in that case may be attached to a primary election under consideration here, but it would not follow that such primary election could by judicial definition be transformed into a general election when the charter by unmistakable terminology clearly distinguishes such elections. A consideration of all of the terms of the charter would seem to make it apparent to the point of demonstration that under that instrument a primary election is not a general election as contemplated by said section 61.

[2] The organic law of the city authorizes the council to exceed the one-dollar tax rate only pursuant to an ordinance submitted and adopted at a general or special election. As the ordinance in question was not so submitted or adopted, it lacks the sanction of the charter to give it validity.

The peremptory writ is denied and the alternative writ is discharged.

Richards, J., Myers, C. J., Seawell, J., Waste, J., Lawlor, J., and Lennon, J., concurred.